UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN LEONARD
GUARDINO, JR.,

                    Plaintiff,

v.                                                    CASE NO. 3:18-cv-1318-J-34JBT

FLAGLER COUNTY TAX
COLLECTOR OFFICE,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed

in District Court Without Prepaying Fees or Costs, which the Court construes as a

Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 4).  For the reasons

stated herein, the undersigned respectfully **RECOMMENDS** that the IFP Motion be

**DENIED** and the case be **DISMISSED**.

        I.        **Background**

This is one of at least fifteen lawsuits filed by Plaintiff in this district in recent

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

months.  *See Guardino v. Flagler Hospital St. Augustine*, Case No. 3:18-cv-1389-J-32PDB (Doc. 5 at 1 n.1) (collecting cases).[2]  In the initial Complaint, Plaintiff alleged in conclusory terms that Defendant converted his private property to public property without his consent.  (Doc. 1 at 4.)  However, he provided no additional relevant information, such as what property was allegedly converted, how it was converted, or why.  Additionally, Plaintiff alleged in conclusory terms that he was pulled over, threatened, falsely arrested, and falsely imprisoned by the Flagler County Sheriff's Office ("FCSO"), who is not a defendant in this case, apparently for not having a license plate on his vehicle.  (*Id.*)  Plaintiff went on to allege that he is "a private sovereign self governing man State National," that he was "forced without full disclosure to get a drivers license," that he is not a federal employee, and he referenced in conclusory terms "fraud over 22 years."  (*Id.*)

In its prior Order taking the IFP Motion under advisement, the Court stated that the initial Complaint was "barely comprehensible," and that "Plaintiff's factual allegations [were] insufficient to state any claim."  (Doc. 12 at 3.)  Therefore, the Court directed Plaintiff to file an amended complaint that cured the deficiencies described in that Order, if possible.  (*Id.* at 4.)  Plaintiff then filed his "Amended Claim," which the undersigned construes as an Amended Complaint (Doc. 14).  For

---

[2] Although several of these cases are based at least in part on Plaintiff's apparent belief that ordinary aerial photographs taken from Google Earth contain hidden sexual, violent, and/or offensive images, this case does not appear to involve any such photographs.  *See Guardino*, Case No. 3:18-cv-1389-J-32PDB (Doc. 5 at 7 n.3) (collecting cases).

the reasons set forth herein, the undersigned recommends that the Amended Complaint still fails to state a claim upon which relief may be granted.

## II.   Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the IFP Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[3]   As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III.   Analysis

Like the initial Complaint, the Amended Complaint does not meet the above requirements and is barely comprehensible.   Although the Amended Complaint contains conclusory references to conspiracy, theft, intentional infliction of outrageous emotional distress, fraud, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conversion, the Fifth and Fourteenth Amendments, false arrest, and a failure to warn, Plaintiff's factual allegations are insufficient to state any claim.   (*See* Doc. 14.)   Plaintiff alleges primarily, in entirely conclusory terms, that Defendant converted his private property to public property without his consent.   (*Id.*)   However, as in the initial Complaint, Plaintiff provides no additional relevant

---

[3] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point.   Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007.   Fed. R. App. P. 32.1(a).

information, such as what property was allegedly converted, how it was converted, or why.  Plaintiff also alleges in conclusory terms that he was falsely arrested by the FCSO, who is not a defendant in this case, but provides no pertinent information regarding the incident.  (*Id.* at 10.)  The relevancy of these allegations is not entirely clear.

Although largely incomprehensible, the remainder of the allegations in the Amended Complaint largely invoke "sovereign citizen" jargon.  For example, Plaintiff alleges that he is a "self governing flesh and blood man," that he is "not subject to civil statutory law and government jurisdiction," that he is "not a citizen of united states and [does] not reside in a civil statutory state," and that he is a "state national of the country of new jersey one of 50 countries creating a union."  (*Id.* at 2, 4, 8.) *See Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (noting that such phrases are often used by purported "sovereign citizens," and that legal theories based on such assertions are frivolous) (collecting cases rejecting as frivolous similar "sovereign citizen" arguments); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (same).

Construed liberally, it appears that Plaintiff is alleging that, because he is a "sovereign citizen," he should not have to register his vehicle, obtain a valid driver's license or license plate for his vehicle, and/or pay taxes.[4]  Plaintiff appears to allege

---

[4] Although this is not clear from the Amended Complaint alone, Plaintiff's initial Complaint and Motion for Summary Judgment, which was denied without prejudice, appear to support this liberal interpretation of Plaintiff's allegations.  (*See* Docs. 1, 10, 13.)

that taking such actions has or will result in the conversion of his unspecified private property to public property without his consent, and will otherwise violate his rights. Additionally, Plaintiff alleges that he was pulled over and arrested by the FCSO, apparently for failing to comply with one or more of the aforementioned requirements.  (Doc. 14 at 10.)  Plaintiff alleges that the FCSO was enforcing communism, and that the FCSO and Defendant have formed a communist cartel. (*Id.* at 10–12.)

In short, it appears that all of Plaintiff's purported claims are based on "sovereign citizen" arguments, which the Eleventh Circuit has deemed frivolous*. See Sterling*, 738 F.3d at 233 n.1; *Trevino*, 687 F. App'x at 862.  To the extent Plaintiff is attempting to state any claim that is not based on his alleged status as a "sovereign citizen," he has failed to allege sufficient facts to state any claim for relief. Moreover, the majority of Plaintiff's allegations are implausible on their face because registering a vehicle, obtaining a driver's license and license plate, and/or paying taxes do not result in the conversion of private property to public property.

The Court previously explained the relevant pleading requirements to Plaintiff, and he was cautioned that if he did "not file a proper amended complaint as directed in [the prior] Order, the undersigned [would] likely recommend that the District Judge deny the [IFP] Motion and dismiss this case."  (Doc. 12 at 4.)  Therefore, the undersigned recommends that the IFP Motion be denied and the case be dismissed.

6

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The IFP Motion (**Doc. 4**) be **DENIED**.

2.      The case be **DISMISSED**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 7, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff